**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: BRANTLEY JUSTIN GARRETT; ERIN EILEEN GARRETT, <br><br> Debtors, <br><br> ------------------------------ <br><br> JAMES DAILY; KATHARINE DAILY, <br><br> Appellants, <br><br> v. <br><br> BRANTLEY JUSTIN GARRETT, <br><br> Appellee. | No.   18-60056 <br><br> BAP No. 16-1265 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Hursh, Kurtz, and Brand, Bankruptcy Judges, Presiding

Submitted February 11, 2020[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Before: RAWLINSON and CALLAHAN, Circuit Judges, and BOLTON,[***] District Judge.

Appellants James and Katharine Daily (the Dailys) appeal the decision of the Bankruptcy Appellate Panel affirming the bankruptcy court's denial of their claim for exception to discharge under 11 U.S.C. § 523(a)(2)(A) for debt incurred by Appellee Brantley Justin Garrett (Garrett). The Dailys alleged that the debt was non-dischargeable because Garrett fraudulently induced them to enter into a construction agreement for their residence.

The bankruptcy court did not abuse its discretion by excluding evidence of Garrett's conduct occurring after the construction agreement was signed. The Dailys' counsel confirmed during the bankruptcy hearing that the Dailys' claim was limited to fraudulent inducement, which may not be proved based on events subsequent to contract formation. *See Tyrell v. Bank of Am. (In re Tyrell)*, 528 B.R. 790, 796 (Bankr. D. Haw. 2015) (explaining that "[t]he principles on which the parties rely—mistake and fraudulent inducement—only apply to contract formation") (footnote reference omitted); *see also Duffens v. Valenti*, 161 Cal. App. 4th 434, 449 (2008) (delineating that "[f]raud in the inducement . . . occurs when the promisor knows what he is signing but his consent is induced by fraud")

---

[***] The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

(citation and internal quotation marks omitted); *Cote v. Al V., Inc. (In re Cote)*, BAP No. NC–14–1025–TaPaJu, 2015 WL 4550137, at *7 (B.A.P. 9th Cir. 2015) (opining that in a fraudulent inducement case, "a finding of fraud was appropriate only if [the debtor] knew that he could not pay [the creditor] as required under the Construction Contract at its formation"); *FO– Farmer's Outlet, Inc. v. Daniell (In re Daniell)*, BAP No. EC–12–1506–PaJuKi, 2013 WL 5933657, at *6-*7 (B.A.P. 9th Cir. 2013) (concluding that conduct occurring after contract formation was not relevant to fraudulent inducement claim).[1]

The bankruptcy court correctly held that the Dailys failed to demonstrate fraudulent inducement. Mr. Daily acknowledged in his deposition that the fraudulent inducement claim was limited to Garrett's representations that he had workers' compensation and general liability insurance. However, Mr. Daily did not discuss liability or workers' compensation insurance with Garrett prior to entering into the construction agreement, and the bankruptcy court was unpersuaded by Mrs. Daily's "evasive" testimony concerning conversations with Garrett about insurance requirements. Additionally, the Dailys failed to

---

[1] The Dailys' reliance on *Husky Int'l Elec., Inc. v. Ritz*, 136 S. Ct. 1581 (2016) is misplaced. Admittedly the Supreme Court held that "a false representation has never been a required element of actual fraud," *id.* at 1588 (internal quotation marks omitted). However, this language is of no import in evaluating the Dailys' claim limited to fraudulent inducement.

sufficiently rebut Garrett's testimony that he possessed general liability insurance and was not required to obtain workers' compensation insurance at the time the agreement was signed.

**AFFIRMED.**